# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEY P. LONG,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,[1]<br>　　　　Defendant. | CASE NO. 8:16-CV-01860-SK<br><br>**OPINION AND ORDER** |

## I.
## INTRODUCTION

On October 7, 2016, Plaintiff Huey P. Long filed this action seeking review of the Defendant Commissioner's denial of his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the undersigned U.S. Magistrate Judge. On July 14, 2017, the parties filed a Joint Stipulation ("JS") setting forth their contentions with respect to each of Plaintiff's claims. Upon consideration of the parties' arguments and all the records and files herein, the Commissioner's decision is hereby REVERSED and this action REMANDED for further proceedings consistent with this Opinion and Order.

---

[1] Nancy Berryhill, the current Commissioner, is substituted as Defendant for former Acting Commissioner Carolyn W. Colvin. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

## II.
## BACKGROUND

On September 9, 2013, Plaintiff filed an application for disability insurance benefits. (Administrative Record ("AR") at 126-29). Plaintiff alleged that, beginning on December 3, 2012, he was unable to work due to heart disease, hearing loss and high blood pressure.[2] (AR 45, 75, 83). The Commissioner denied Plaintiff's application on initial review and upon reconsideration. (AR 75-78, 83-86). Plaintiff requested a hearing before an Administrative Law Judge, which the ALJ conducted on October 31, 2014. (AR 41-61, 87-88). Plaintiff appeared at the hearing with his counsel and testified. (AR 48-56). A vocational expert also testified. (AR 57-61).

On January 9, 2015, the ALJ issued his decision denying benefits. (AR 24-40). The ALJ found that Plaintiff suffers from the following "severe" impairments: status post myocardial infarct and profound hearing loss. (AR 29). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Plaintiff] cannot climb ladders, ropes [or] scaffolds; [he] can occasionally climb ramps or stairs; [he] can occasionally stoop; [he] must avoid moving machinery and other dangerous workplace hazards to a person without hearing.

(AR 30). Based on the testimony of the vocational expert, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a construction worker or supervisor, but that Plaintiff could perform jobs that exist in significant numbers in the national economy, such as a laundry sorter, final assembler, and table worker. (AR 34-36). The ALJ concluded that Plaintiff was not disabled at any time through the date of his decision. (AR 36). On February 13, 2015, Plaintiff requested review of the ALJ's decision (AR 22),

---

[2] Plaintiff initially alleged disability beginning on July 24, 2007, but later amended his onset date to December 3, 2012. (AR 45, 126).

2

which the Appeals Council denied on May 24, 2016. (AR 6-12).

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). Substantial evidence means "more than a mere scintilla, but less than a preponderance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008). In other words, "it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record and consider adverse as well as supporting evidence. *See Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

## IV.
## DISCUSSION

Plaintiff contends that the ALJ failed to give legally sufficient reasons for rejecting the opinion of his treating cardiologist, N.R. Devaraj, M.D. (JS 21-25). Dr. Devaraj began treating Plaintiff after his heart attack in December 2012 and saw him approximately every month thereafter. (AR 330). On October 27, 2014, Dr. Devaraj filled out a "Cardiac Impairment Questionnaire," in which he noted Plaintiff's diagnoses of arteriosclerotic heart disease with a history of myocardial infarct, degenerative joint disease with chronic pain, hypertension, and profound deafness. (*Id.*). He also noted Plaintiff's symptoms of shortness of breath, fatigue, and weakness. (AR 331). He opined that, due to Plaintiff's heart impairment, Plaintiff would be able to sit for only one hour out of an eight-hour workday; could stand and/or walk for less than one hour out of an eight-hour workday;

3

could lift a maximum of 20 pounds occasionally; would have frequent difficulty with attention and concentration; and would require unscheduled breaks at unpredictable times. (AR 332-34).

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."[3] *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted). Accordingly, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. *Lester*, 81 F.3d at 830. Here, Dr. Devaraj provided the only medical opinion in the record regarding Plaintiff's functional limitations associated with his heart impairment. Thus, his uncontradicted opinion could not be rejected without clear and convincing reasons. The ALJ failed to meet that burden here.

**A. Objective Medical Evidence**

Substantial evidence does not support the ALJ's determination that Dr. Devaraj's opinion was inconsistent with the objective medical evidence. (AR 34). The record shows that Plaintiff suffered a heart attack on December 3, 2012. An echocardiogram showed a left ventricular ejection fraction of 30 to 35 percent, moderate cardiomyopathy, a borderline enlarged left ventricle, a very large area of anteroapical kinesia and mid septal akinesia with preserved motion of the inferolateral wall, a mildly dilated left atrium, and mild mitral valve regurgitation. (AR 278). Plaintiff

---

[3] The "treating physician rule" applies here because Plaintiff's claim was filed before March 27, 2017. *See* 20 C.F.R. §§ 404.1527, 416.927. For claims filed on or after March 27, 2017, medical opinions are evaluated under the factors in 20 C.F.R. §§ 404.1520c, 416.920c.

4

was diagnosed with acute ST-segment elevation myocardial infarction, episode of ventricular fibrillation arrest promptly defibrillated without need for cardiopulmonary resuscitation, thrombocytopenia of uncertain etiology, hearing impairment and paroxysmal atrial fibrillation. (AR 249). Plaintiff underwent a left heart catheterization, left ventricular cineangiogram, bilateral selective coronary angiography, and stenting of a totally occluded proximal left anterior descending coronary artery (LAD) and a jailed critically stenosed large second diagonal branch. (AR 256).

Two days later, on December 5, 2012, Plaintiff underwent another left heart catheterization, bilateral selective coronary angiography, thrombus extraction, and stenting of the proximal and distal LAD, and stenting of the proximal and mid-circumflex. (AR 223). In total, Plaintiff had six stents placed. (AR 48). After his heart attack, Plaintiff participated in rehabilitation treatment for approximately one month. (AR 48). He reported that he could walk approximately one sixteenth of a mile at the end of the treatment. (AR 49). He then followed up with Dr. Devaraj every four to six weeks. (AR 330). On July 24, 2013, he underwent an electrocardiogram, which revealed his left atrial size as borderline enlarged, mild left ventricle hypertrophy, E/A reversal, an ejection fraction within normal limits at 58 to 60 percent, mild mitral regurgitation and trace tricuspid regurgitation. (AR 218). An EKG performed on August 9, 2013 showed no new abnormalities. (AR 245).

The ALJ found that the foregoing medical evidence was inconsistent with Dr. Devaraj's opinion that Plaintiff could not work. (AR 34). However, Dr. Devaraj provided the only medical opinion in the record regarding Plaintiff's heart impairment. (AR 34). Thus, the ALJ improperly relied on his own lay interpretation of the evidence in rejecting Dr. Devaraj's opinion and finding Plaintiff capable of light work. *See Tackett v. Apfel*, 180 F.3d

1094, 1102–03 (9th Cir. 1999) (ALJ may not substitute his own interpretation of the medical evidence for the opinion of medical professionals); *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000) (same); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("ALJ cannot arbitrarily substitute his own judgment for competent medical opinion [], and he must not succumb to the temptation to play doctor and make his own independent medical findings.") (internal quotation marks omitted); *Toland v. Astrue*, 2011 WL 662336, at *5 (C.D. Cal. Feb. 14, 2011) ("[A]n ALJ may not make speculative inferences from medical reports and may not reject a treating physician's opinion based on speculation or lay opinion.") (citation and internal quotations omitted).

## B. Treatment Notes

Contrary to the ALJ's determination, Dr. Devaraj's opinion was not inconsistent with his treatment notes. (AR 34). Dr. Devaraj's notation that Plaintiff was "generally doing well," by itself, did not contradict his opinion of Plaintiff's functional limitations. *See, e.g., Perez v. Astrue*, 2009 WL 3011647, at *13 (E.D. Cal. Sept. 17, 2009) ("'[F]airly stable' and 'doing well' are relative terms."); *Sirrine v. Comm'r of Soc. Sec.*, 2009 WL 1346258, at *3 (D. Or. May 13, 2009) ("Although the notation 'doing well' appears in the [physician's treatment] notes, this can be a relative term."). Indeed, in a letter dated January 20, 2015, Dr. Devaraj explained that the "progress notes reflected on [Plaintiff's] general condition at the time of the evaluation, particularly pertaining to the fact that he had recovered from his heart attack and was generally doing well from the standpoint of the catastrophic event."[4]

---

[4] Plaintiff submitted this letter for the first time to the Appeals Council. Where, as here, the Appeals Council considered additional evidence but denied review (AR 11), the additional evidence becomes part of the record for purposes of the Court's analysis. *See Brewes v. Comm'r. of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

6

(AR 341). Dr. Devaraj stated that the phrase "generally doing well" "did not in any way refer to [Plaintiff's] functional capacity or his ability to perform any physical activity." (*Id.*). Dr. Devaraj continued: "[M]y responses to the questionnaire were more specific to the tasks that [Plaintiff] was able to do considering his underlying problems. The questionnaire I was answering was specific to the functions that he could perform with the limitations that he has." (*Id.*).

## V.
## CONCLUSION

The ALJ failed to provide legally sufficient reasons for rejecting Dr. Devaraj's opinion.[5] Remand for further proceedings is appropriate because there are outstanding issues to be resolved. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). On remand, the ALJ shall reconsider the opinion of Dr. Devaraj and either credit his opinion or provide clear and convincing reasons for rejecting it. After doing so, the ALJ may need to reassess Plaintiff's RFC, in which case additional testimony from a vocational expert likely will be needed to determine what work, if any, Plaintiff can perform. The decision of the Commissioner is REVERSED and this action REMANDED for further proceedings consistent with this Opinion and Order. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: 08/21/17

STEVE KIM
U.S. MAGISTRATE JUDGE

---

[5] Because a remand for further proceedings is ordered, Plaintiff's other claim of alleged ALJ error need not be addressed.

7